UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:17-CV-132-T-35TBM

2017 JAN 19 PM 2:13

Pharmacy Value Management
Solutions, Inc. (a Nevada Corporation)

    Plaintiff,

vs.

John Hartman, Nicole Flora, M.D.,
SleepMaster Solutions, Inc. and
Dicentra (a Nevada Corporation
F/K/A SleepMaster Solutions, Inc.)

    Defendants
_____/

**PLAINTIFF'S COMPLAINT FOR: (1) FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION, 15 U.S.C. §§1125(a); AND (2) DECEPTIVE AND UNFAIR TRADE PRACTICES, F.S.A. §501 AND FRAUD AS TO DEFENDANT NICOLE FLORA, M.D.**

Plaintiff, Pharmacy Value Management Solutions, Inc., (hereinafter "Plaintiff" and/or "PVMS") for its complaint against Defendants, John Hartman, Nicole Flora, M.D. and Dicentra (hereinafter sometimes, "Hartman" and/or "Defendant Hartman," "Flora" and/or "Defendant Flora," "Dicentra" and/or "Defendant Dicentra", defendants being sometimes hereinafter referred to collectively as "Defendants") alleges, upon information and belief, as follows:

## PARTIES

1.    Plaintiff PVMS is a corporation duly organized and existing under the laws of the State of Nevada with its principal place of business at 2901 West Busch Boulevard, Suite 701, Tampa, FL 33618.



1

2. Defendant Hartman is an individual Defendant domiciled in Las Vegas, Nevada.

3. Defendant Flora is an individual Defendant domiciled in Las Vegas, Nevada.

4. Defendant Dicentra, was formerly known as SleepMaster Solutions, Inc. and is a corporation duly organized and existing under the laws of the State of Nevada with its primary place of business in the State of Nevada. SleepMaster Solutions, Inc., in furtherance of the wrongs complained herein, on or about August 2016, changed its corporate name to Dicentra.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's claim for declaratory and injunctive relief under 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338 and 2201. This claim arises under the Lanham Act (15 U.S.C. §1125). This Court has supplemental subject matter jurisdiction over Plaintiff's state-law claim under 28 U.S.C. §1367(a). Moreover, the amount at issue exceeds $75,000 exclusive of interest and costs.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff markets and sells sleep apnea services and programs nationally (the "Product"). It markets the Product nationally to commercial businesses, labor unions and individuals.

7. Since on or about January 2015, Plaintiff marketed the Product and entered into contracts for the sale of the Product under Plaintiff's brand name, "SleepMaster Solutions" (hereinafter, sometimes, the "mark").

8. On or about February 8, 2016, Plaintiff filed for trademark registration for the mark SleepMaster Solutions in connection with the Product. Said application is in process with the USPTO and proceeding to registration.

9. Plaintiff uses the mark and has used the mark continuously in interstate commerce since approximately January of 2015. The mark identifies Plaintiff as the owner of the mark.

10. Plaintiff has expended substantial time, resources, and money in establishing goodwill under the name SleepMaster Solutions.

11. On or about August 20, 2013, Defendant Hartman entered into a sales consulting agreement with Plaintiff which agreement contained, among other provisions, a commitment by Defendant Hartman to abide by (i) Plaintiff's Confidentiality Information and Invention Agreement; (ii) Plaintiff's Non-Compete Agreement; and (iii) Plaintiff's Insider Trading Restrictions and Policy.

12. At the time of the wrongdoing alleged herein, Defendant Hartman was contractually obligated to abide by the terms of said consulting agreement and the agreements referenced and incorporated therein.

13. One of Plaintiff's accounts over which Defendant Hartman was the account manager was Nevada Health CO-OP.

14. Sometime prior to September 2015, Defendant Hartman recommended that Plaintiff hire Defendant Flora as Plaintiff's Chief Medical Officer. At that time, Defendant Flora was the Chief Medical Officer of the Nevada Health CO-OP.

15. Sometime around September 2015, and for a period of time thereafter, Plaintiff, at the request of Defendant Hartman, commenced discussions and interviews

with Defendant Flora for a position with Plaintiff as its Chief Medical Officer, which interviews included personal interviews in Defendant Flora's home state of Nevada and a personal interview in Plaintiff's home state of Florida, the travel being arranged and paid for by Plaintiff.

16. Throughout the course of the interviews, Defendant Flora sought, and Plaintiff imparted to Defendant Flora, significant amounts of confidential and proprietary business information with an expectation of confidentiality.

17. In October 2015, Plaintiff offered Defendant Flora a position with Plaintiff as its Chief Medical Officer.

18. In November 2015, Defendant Flora rejected Plaintiff's offer, making it clear that Defendant Flora was not interested in entering into the employ of Plaintiff.

19. In December 2015, Defendants Hartman and Flora formed SleepMaster Solutions, Inc., a Nevada corporation, utilizing Plaintiff's brand name, "SleepMaster Solutions," as their corporate name. Defendants, through their newly-formed corporation, SleepMaster Solutions, Inc., then immediately commenced promoting themselves to third parties, including Plaintiff's current clients under Plaintiff's brand name and mark, "SleepMaster Solutions." Defendant Hartman took the corporate positions of Director and Secretary, and Defendant Flora took the corporate positions of President and Treasurer in SleepMaster Solutions, Inc.

20. In December 2015, almost immediately after the formation by Defendants of SleepMaster Solutions, Inc., Defendants filed with the Nevada Secretary of State a service mark and trademark notification on behalf of SleepMaster Solutions, Inc., that it would be conducting sleep apnea business under Plaintiff's mark, SleepMaster Solutions,

thus, representing to the public that, in fact, the product it is promoting is that of Plaintiff's.

21. For a period of time commencing sometime prior to the formation of Defendants' corporation, SleepMaster Solutions, Inc., and continuing to date, Defendants have promoted themselves as being the owners of the Plaintiff's mark and the SleepMaster Solutions Product; have solicited Plaintiff's clients under said mark and have otherwise utilized information Defendants gathered through, respectively, Defendant Hartman's employment with Plaintiff and Defendant Flora's interviewing with Plaintiff; and promote themselves to third parties doing business in Plaintiff's target markets as if Defendants were Plaintiff.

22. Prior to the acts of Defendants alleged herein and continuously thereafter, Plaintiff promoted its sleep apnea services and program under the trade name and service mark, "SleepMaster Solutions"; achieved contracts for its services under that trade name; achieved great popularity among members of the general public; and enjoyed, and continues to enjoy, such popularity in this judicial district and throughout the United States.

23. Plaintiff, in furtherance of its SleepMaster Solutions program, expended large sums of money in promoting its services under the trade name and service mark, "SleepMaster Solutions," and as a result of such expenditures, the trade name and service mark have been, and continue to be, known as the hallmark identifying and distinguishing Plaintiff's services and program.

24. The trade name and service mark, "SleepMaster Solutions," has had, and continues to have, secondary meaning of great value in this jurisdiction and elsewhere

throughout the United State as identifying Plaintiff as the source of its services rendered and sold under the trade name and service mark, "SleepMaster Solutions."

25. Defendants, collectively, both corporately and individually, at the time of the commission of the acts complained of herein, have engaged in the identical business as Plaintiff and have promoted themselves as being capable of delivering services identical to those of Plaintiff under the identical trade name and service mark, "SleepMaster Solutions," promoted by Plaintiff; thus, depriving Plaintiff of a valuable property right in said name, wrongfully competing with Plaintiff and deceiving the public.

26. Without the knowledge or consent of Plaintiff, Defendants have unlawfully used the trade name and service mark, "SleepMaster Solutions," in interstate commerce, and in commerce substantially affecting interstate commerce, to promote, advertise and sell their services, not authorized or employed by, or otherwise associated with, in any way, the Plaintiff; and have used, and continue to use, Plaintiff's trade name and service mark, "SleepMaster Solutions," as a false designation of origin of said services.

27. None of the activities of Defendants complained of herein have been authorized by Plaintiff and such unauthorized use by Defendants of Plaintiff's trade name and service mark in interstate commerce and in commerce substantially affecting interstate commerce, in this district and elsewhere throughout the United States, constitutes infringement of, and an inducement to infringe, Plaintiff's trade name and service mark, "SleepMaster Solutions," and such activities are likely to cause confusion

or to cause mistake or to deceive the public and proprietors, managers, operators and owners of business seeking to use, or otherwise obtain, services offered by Plaintiff.

## COUNT I

### (False Advertising and Unfair Competition Under 15 U.S.C. §1125(a))

28. Upon information and belief, Defendants, individually and collectively, are acting with the unlawful purpose of:

(a) Improperly taking advantage of the valuable goodwill belonging to Plaintiff in the trade name and service mark, "SleepMaster Solutions";

(b) Soliciting Plaintiff's customers and attempting to sell, and selling such customers, sleep apnea services rendered under the trade name and service mark, "SleepMaster Solutions" by persons not authorized by, employed by or associated in any way with Plaintiff;

(c) Inducing others to infringe Plaintiff's trade name and service mark, "SleepMaster Solutions";

(d) Causing and facilitating the services of persons not authorized by, employed by or associated in any way with Plaintiff to be palmed off as rendered, authorized, sponsored or endorsed by, or otherwise connected with, Plaintiff and its trade name and service mark, "SleepMaster Solutions"; and

(e) Inducing other persons to designate falsely by advertisements and promotion activities in interstate commerce and in commerce substantially affecting interstate commerce, the origin of services under Plaintiff's trade name and service mark without an authorization or consent of Plaintiff.

29. Since a date prior to any conduct of Defendants described in the foregoing paragraphs, Defendants have had actual notice of the use of the trade name and service mark, "SleepMaster Solutions," by Plaintiff to identify and make known its business services in connection with the marketing of Plaintiff's sleep apnea services under said trade name and service mark; and

30. Defendants' conduct set forth in the foregoing paragraphs 6 through 27 constitute false advertising and unfair competition of Plaintiff's trade name and service mark, "SleepMaster Solutions" in violation of 15 U.S.C. Section 1125(a).

31. Plaintiff has been damaged by Defendants' acts herein complained of; Defendants have profited thereby, and unless Defendants' conduct set forth in the foregoing paragraphs is permanently enjoined, Plaintiff and its goodwill and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in money damages. Plaintiff retained below signed counsel to initiate this litigation and has incurred legal fees at a reasonable rate of $420 per hour as well as costs associated with this litigation which it also seeks to recover.

## COUNT II

### (Unfair Competition Under 15 U.S.C. Section 1125(a))

32. Plaintiff repeats and re-avers each of the averments of the foregoing paragraphs 1 through 31 against Defendants, individually and collectively.

33. The aforesaid acts of Defendants constitute false designations of origin, false descriptions and false representations in violation of 15 U.S.C. Section 1125(a), and unfair competition at common law. Plaintiff retained below signed counsel to initiate this

8

litigation and has incurred legal fees at a reasonable rate of $420 per hour as well as costs associated with this litigation which it also seeks to recover.

## COUNT III

### (Trademark and Trade Name Infringement at Common Law)

34. Plaintiff repeats and re-avers each of the averments of the foregoing paragraphs 1 through 33 as to the Defendants, individually and collectively.

35. The aforesaid acts of Defendants constitute an unlawful violation and an infringement of the rights of Plaintiff in trade name and service mark, "SleepMaster Solutions," at common law, and under the Florida statutes. Plaintiff retained below signed counsel to initiate this litigation and has incurred legal fees at a reasonable rate of $420 per hour as well as costs associated with this litigation which it also seeks to recover.

## COUNT IV

### (Deceptive and Unfair Trade Practices Under F.S.A. §501)

36. Plaintiff repeats and re-avers each of the averments of the foregoing paragraphs 1 through 35 against the Defendants, individually and collectively.

37. The aforesaid acts of Defendants constitute unlawful acts, unfair methods of competition, unconscionable acts and practices, and unfair and deceptive acts and practices of Plaintiff's damages in violation of F.S. A. §501.204. Plaintiff retained below signed counsel to initiate this litigation and has incurred legal fees at a reasonable rate of $420 per hour as well as costs associated with this litigation which it also seeks to recover.

## COUNT V

**Common Law Fraud as to Defendant NICOLE FLORA, M.D.**

38. Plaintiff repeats and re-avers each of the averments of the foregoing paragraphs 1 through 27 against the Defendant Nicole Flora, M.D.

39. Defendant Flora, in order to induce Plaintiff to provide her with business proprietary and confidential information, made knowingly false statements concerning a material fact, her desire and intention to work with Plaintiff and become its Chief Medical Officer.

40. At all times, Defendant Flora knew that her representations to Plaintiff were false because at all times, she was working in conjunction with Defendant Hartman to obtain valuable confidential information which they intended to use to pursue their illicit enterprise in violation of the laws set forth herein.

41. At all times, Defendant Flora intended for Plaintiff to rely upon her false representations in an effort to induce Plaintiff to disclose confidential and business proprietary information.

42. As a direct and proximate result of Defendant Flora's actions, Plaintiff has suffered injuries, including but not limited to loss of business, irreparable loss of reputation, and compensatory and consequential damages.

42. Moreover, because Defendant Flora is a medical doctor and the position for which she interviewed was that of a Chief Medical Officer, she should be held to a higher ethical standard of accountability and confidentiality. Her breach of trust as a medical professional, in addition to the foregoing, exacerbates her fraud as to Plaintiff.

**WHEREFORE, Plaintiff prays:**

   i. That the Court adjudge and decree that Defendants have engaged in false advertising and unfair competition in violation of 15 U.S.C. Section 1125(a).

   ii. That the Court adjudge and decree that Defendants have falsely designated the origin or Plaintiff's sleep apnea services and has made and used false representations in connection with the sale, offering for sale, promotion and advertising of such services and has unfairly competed with Plaintiff at common law.

   iii. That the Court adjudge and decree that Defendant has infringed Plaintiff's trade name and service mark, "SleepMaster Solutions," at common law.

   iv. That the Court adjudge and decree that Defendants have unlawfully diluted Plaintiff's rights in the trade name and service mark, "SleepMaster Solutions," at common law.

   v. That the Court permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with Defendants or with any of the foregoing from:

    (a) Using "SleepMaster Solutions" or any other words which are similar to or are a colorable imitation of Plaintiff's trade name and service mark, "SleepMaster Solutions," alone or as part of or together with any other word or words, trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for sale, advertising or promotion of sleep apnea services; and/or

11

      (b)    Representing by words or conduct that any sleep apnea services offered for sale, sold, promoted or advertised by Defendants is authorized, sponsored or endorsed by, or otherwise connected with, Plaintiff.

      vi.    That the Court issues an injunction directing Defendants:

      (a)    To deliver up to Plaintiff, under oath and for destruction, all signs, advertisements, promotional material, printing devices (including matrices, etc.) business forms and all other things in the possession, custody or control of Defendants which display the trade name and service mark, "SleepMaster Solutions"; and

      (b)    To file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunction, a report, in writing and under oath, setting forth, in detail, the manner and form in which Defendants have complied with this injunction.

      vii.    That the Court award judgment in favor of Plaintiff for three times the amount of actual damages sustained by Plaintiff and gross profits made by Defendants as a result of Defendants' wrongful conduct.

      viii.    That the Court award judgment against the Defendants and for the full costs of this action, including reasonable fees for the services of Plaintiff's attorneys.

      ix.    That the Court adjudges and decrees that Defendant Flora, M.D.'s conduct was fraudulent.

    x.    That the Court order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper, including punitive damages for Defendants' intentional wrongful acts.

    xi.    That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such other, for the enforcement of compliance therewith and for the punishment of any violations thereof.

Dated: January 3, 2017

South Law Group, PA

*[signature]*

Angelina M. Whittington, Esq.
Florida Bar No.: 0019666
6152 Delancey Station Street
Suite 105
Riverview, Florida 33578
Telephone: (813) 685-4300
Facsimile: (813) 685-4344
angelina@southlawgroup.com
sue@southlawgroup.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that the foregoing Complaint will be served, by a Florida certified process server, upon the following:

John Hartman, 5224 Sunray Lane, Las Vegas, NV 89130;
SleepMaster Solutions, Inc., 5224 Sunray Lane, Las Vegas, NV 89130 (via John Hartman; Registered Agent)

Dicentra, 5224 Sunray Lane, Las Vegas, NV 89130 (via John Hartman; Registered Agent)

Nicole Flora, M.D., 10561 Haywood Drive, Las Vegas, NV 89135

South Law Group, PA

*Angelina M Whittington*

Angelina M. Whittington, Esq.
Florida Bar No.: 0019666
