UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHARMACY VALUE
MANAGEMENT SOLUTIONS, INC.,

    Plaintiff,

v.                                                   Case No.: 8:17-cv-132-EAK-CPT

JOHN HARTMAN, et al.,

    Defendants.
_____

## ORDER

**THIS CAUSE** is before the Court on the following: (1) Attorney Dineen Pashoukos Wasylik's Motion to Reopen Case and Set Status Conference to Set Procedures for Enforcement of Charging Lien and for Reconsideration ("**Motion to Reopen**"), (Doc. 81); and (2) Plaintiff Pharmacy Value Management Solutions, Inc.'s ("**PVM**") Motion to Dissolve Attorneys' Lien ("**Motion to Dissolve**"), (Doc. 102). By the motions, the parties request the Court exercise its supplementary jurisdiction over their current dispute over certain funds purportedly due to Attorney Wasylik (PVM's former counsel) for services rendered in litigating the instant action. More specifically, Attorney Wasylik requests the Court determine the validity of her pending charging lien against PVM's settlement fund, while PVM requests the Court dissolve it. For the reasons set forth herein, the Court will decline to do either.

I.

On January 19, 2017, PVM filed a civil complaint in this Court for declaratory and injunctive relief and money damages against Defendants John Hartman, Nicole Flora, SleepMaster Solutions, Inc. ("**SleepMaster**") and Dicentra (F/K/A SleepMaster). (Doc. 1). PVM alleged violations of the federal Lanham Act and Florida statutory and common law. Id. PVM was represented by attorney Angelina M. Whittington, Esq. of South Law Group, P.A. and Timothy O. Coyle, Esq. of Brush and Coyle, P.A. (Docs. 1, 5). The case was randomly assigned to United States District Judge Mary S. Scriven.

On May 1, 2017, PVM retained the services of attorney Dineen Pashoukos Wasylik, Esq. of DWP Legal. (Doc. 75). Attorney Wasylik filed a notice of appearance on May 10, 2017. (Doc. 15). With written leave of Court, Attorneys Coyle and Whittington withdrew their representation of PVM on May 12, 2017, and July 7, 2017, respectively. (Docs. 18, 31). As a result, Attorney Wasylik became sole lead counsel for PVM.

On March 19, 2018, the parties fully settled[1] the action at a mediation conference before Peter J. Grilli, Esq. (Doc. 73).

---

[1] On January 16, 2018, Dicentra counterclaimed against PVM for declaratory relief. (Doc. 41). Those claims were likewise fully settled at the mediation conference. (Doc. 73).

On March 21, 2018, Attorney Wasylik moved to withdraw her representation of PVM. (Doc. 75). By the motion, Attorney Wasylik represented that a dispute had arisen between herself and PVM, and PVM had fired her the previous day. Id. Contemporaneous with her motion, Attorney Wasylik filed a Notice of Charging Lien, asserting "a charging lien against the proceeds of settlement in this matter, based upon the written contract between [Attorney Wasylik] and [PVM] entered into on May 1, 2017." (Doc. 74 at 1).

On March 22, 2018, PVM retained new counsel in current lead attorney of record Russel S. Koss, Esq. of The Koss Law Firm. (Doc. 75).

On March 23, 2018, pursuant to the mediation report indicating that the action had fully settled, Judge Scriven dismissed the action. (Doc. 77). All pending motions, including Attorney Wasylik's motion to withdraw, were denied as moot and the case was closed. Id.

On April 16, 2018, Defendants moved for entry of an order reopening the case and permitting Defendants to deposit forty thousand one hundred forty-one dollars and eighty-five cents ($40,141.85) of disputed settlement funds (the "**Disputed Funds**") with the Court. (Doc. 78). The purpose of the request was to permit Defendants to meet the settlement agreement's deadline for remitting payment to PVM, while, at the same time, protecting Attorney Wasylik's purported interest in (and Defendants' liability for) the Disputed Funds. Id. Attorney Wasylik agreed with the relief sought by the motion but requested the Court also "retain[] jurisdiction to

determine the amount of the charging lien and/or disburse the funds upon the resolution of the lien by settlement, Florida Bar Fee Arbitration, or an Order of this Court." (Doc. 79 at 1). PVM opposed the motion. (Doc. 78).

On May 22, 2018, Judge Scriven denied the motion. (Doc. 80). As grounds, Judge Scriven relied on Rule 5-1.1 of the Rules Regulating the Florida Bar, which requires a lawyer in possession of disputed funds to keep those funds in a separate trust account until the dispute is resolved. Id. Additionally, Judge Scriven found that no party requested that the Court retain jurisdiction over the action when it was resolved and dismissed, and that the Court otherwise lacked an independent basis to exercise subject matter jurisdiction over the parties' fee dispute. Id.

On May 23, 2018, Attorney Wasylik filed the Motion to Reopen, which requested an order reopening the case "for the limited purpose of resolving [her] pending charging lien." (Doc. 81 at 1). Attorney Wasylik invoked the Court's supplemental jurisdiction under 28 U.S.C. § 1367. Id. The Motion to Reopen also requested the Court reconsider its prior order denying Defendants' motion to deposit the Disputed Funds with the Court.[2] Id.

Defendants agreed with the relief sought by the Motion to Reopen, "so long as the case is reopened solely for the purposes [of resolving the charging lien]." Id.

---

[2] Through a subsequent status report to the Court, Attorney Wasylik represents that she is no longer seeking reconsideration of Judge Scriven's decision denying the motion to deposit the Disputed Funds with the Court. (Doc. 99 at 2 n.1).

4

PVM opposed the Motion to Reopen. (Doc. 84). PVM represented that the Disputed Funds were already being held by Defendants' attorneys in separate trust account, and so, according to PVM, there was no need to deposit the same with the Court. Id. at ¶2. Additionally, while PVM conceded a district court's supplemental jurisdiction to determine the validity of a charging lien asserted against a party by the lawyer who'd represented that party in the underlying action, PVM argued that the Court should decline to exercise such jurisdiction because "the underlying circumstances giving rise to the fee dispute [were] already the subject matter of a complaint filed with the Florida Bar [against Attorney Wasylik]" for malpractice in her litigation of the underlying action. Id. at ¶1. Thus, PVM argued, any determination by the Court regarding the validity of the charging lien "would result in duplicitous effort and waste of judicial time and resources" and would create an issue of reconciliation of potentially conflicting decisions by the Florida Bar and this Court. Id. at ¶3. Alternatively, PVM requested the Court defer reopening the case and ruling on the validity of the charging lien until the Florida Bar concluded its review of the complaint, as its findings "would have evidentiary value" in determining the validity of the charging lien. Id. at ¶¶4, 9.

On May 28, 2018, Judge Scriven entered an order of recusal. (Doc. 82). The case was randomly reassigned to the undersigned the following day. (Doc. 83).

On August 16, 2018, the Court deferred ruling on the Motion to Reopen pending the outcome of the proceedings before the Florida Bar. (Doc. 89). The Court

ordered the parties to inform the Court of the Florida Bar's decision upon the conclusion of the proceedings. Id. Additionally, the Court ordered that the Disputed Funds should remain in trust. Id.

On April 15, 2019, the Florida Bar's Grievance Committee completed its inquiry into PVM's complaint and issued a Recommendation of Diversion. (Doc. 100 at 5–9). Specifically, the Committee recommended Attorney Wasylik participate in a Practice and Professionalism Enhancement ("**PPE**") program, which includes Diversion/Discipline Consultation Service, Ethics School, and Fee Arbitration. Id. Attorney Wasylik agreed to participate in all facets of the PPE program. (Doc. 99). Fee Arbitration, however, requires the consent of both parties. Id. PVM declined to participate in any voluntary fee arbitration proceeding before the Florida Bar. Id. So, the parties never arbitrated their fee dispute, and the Florida Bar closed its fee arbitration file. Id.

On July 29, 2019, in lieu of reopening the action, the Court ordered the parties to confer for the purpose of discussing whether their dispute over the Disputed Funds may be resolved through mediation or otherwise resolved without further Court intervention, and to file a joint status report with the Court detailing the outcome of the conference. The parties responded on August 9, 2019. (Doc. 103). Attorney Wasylik represents that she "remains open to mediation and/or Florida Bar Fee Arbitration." Id. at 1. PVM represents that it "does not wish to participate in any

6

alternative dispute resolution at this time," and "will be seeking to file a professional malpractice suit in state court." Id.

Two days prior to filing their joint status report, on August 7, 2019, PVM filed the Motion to Dissolve. (Doc. 102). PVM moves to dissolve the charging lien because Attorney Wasylik "negligently failed to provide effective and competent legal services to [PVM] through this litigation," was sanctioned by this Court[3] and the Florida Bar "for oppressive conduct showing a great deal of indifference to PVM and [its] property," and was already paid a $15,000 retainer and "additional monies totaling $23,495 . . . for services that were worthless." Id. at ¶¶1–3. PVM represents that it intends to "file suit for professional negligence in state court against [Attorney Wasylik] . . . to recover damages arising from [her] negligent representation." Id. at ¶8. PVM requests the Court (i) dissolve the charging lien so that entitlement to the Disputed Funds can "be fully litigated in [the impending state court action]" and (ii) "order disbursement of all remaining settlement funds held in trust by Defendants' counsel." Id. at 3.

Attorney Wasylik opposes the Motion to Dissolve. (Doc. 104). She argues that the Motion to Dissolve (i) fails to comply with the Court's Local Rules, (ii) fails to provide any legal basis to dissolve the lien, and (iii) relies on misstatements of fact and was made in bad faith.

---

[3] Contrary to PVM's representation, to date, the Court hasn't imposed any sanctions against Attorney Wasylik in this action.

7

II.

As an initial matter, the Court will sua sponte address the administrative issue of Attorney Wasylik's withdrawal of her representation of PVM. The Court will then address the Motion to Reopen and the Motion to Dissolve, in turn.

A.

Local Rule 2.03 provides for withdrawal from representation only "by written leave of Court obtained after giving 10 days' notice to the party or client affected thereby, and to opposing counsel." Local R. M.D. Fla. 2.03(b). Because her motion was denied as moot upon dismissal of the action, Attorney Wasylik never received written leave of Court. So, her withdrawal is technically ineffective.

Upon review of the motion, however, Attorney Wasylik complied with all requirements of Local Rule 2.03. Moreover, because Attorney Wasylik now claims a lien against her former client's settlement fund, she's established the good cause necessary for withdrawal. See R. Regulating Fla. Bar R. 4-1.16(b)(5) (permitting withdrawal if "other good cause for withdrawal exists").

The Court will permit Attorney Wasylik to withdraw and relieve her of all responsibility in representing PVM in this action.

B.

A district court may "assume ancillary jurisdiction over a claim based on a charging lien over the proceeds of [a] lawsuit." Broughten v. Voss, 634 F.2d 880, 883

(5th Cir. 1981). Congress codified the common law doctrine of "ancillary jurisdiction" as part of a district court's "supplemental jurisdiction" in 28 U.S.C. § 1367. Peacock v. Thomas, 516 U.S. 349, 355 (1996). The statute instructs: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The statue further instructs: a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction, or . . . there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(3–4).

Here, all claims over which the Court had original jurisdiction (i.e., PVM's federal Lanham Act claims) have been dismissed with prejudice. (Doc. 77). Consequently, the Court is within its discretion to "decline to exercise supplemental jurisdiction over" Attorney Wasylik's claim to the Disputed Funds. 28 U.S.C. § 1367(c). The Court so declines. The parties' rights and obligations with respect to their current fee dispute can be adequately protected and determined in a separate state court proceeding.

The Court will deny the Motion to Reopen.

C.

Because the Court declines to exercise its supplementary jurisdiction over Attorney Wasylik's claim to the Disputed Funds, the issues raised by the Motion to Dissolve are now moot.

The Court will deny the Motion to Dissolve.

III.

Accordingly, it is **ORDERED** as follows:

1. Attorney Wasylik is permitted to withdraw her representation of PVM. She's relieved of all responsibility in representing PVM in this action. The Clerk is directed to terminate Attorney Wasylik as counsel of record for PVM. Attorney Wasylik's withdrawal shall be made effective as of March 21, 2018 (the day she filed her motion to withdraw).

2. Attorney Wasylik's Motion to Reopen, (Doc. 81), is **DENIED**.

3. PVM's Motion to Dissolve, (Doc. 102), is **DENIED AS MOOT**.

4. The Clerk shall keep the case closed.

**ORDERED** in Chambers, in Tampa, Florida, this 31st day of October, 2019.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record